U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**   SEP 2 0 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

| | | |
|---|---|---|
| **(1)** | **JASON AAMODT and** | ) |
| **(2)** | **MARIA AAMODT, husband** | ) |
| | **and wife,** | ) |
| | | ) |
| | **Plaintiffs,** | ) |
| | | ) |
| **v.** | | ) |
| | | ) |
| **(1)** | **CITY OF NORFORK,** | ) |
| | **ARKANSAS,** | ) |
| | | ) |
| | **Defendant.** | |

Case No. *10 - 3088*

## COMPLAINT

COMES NOW the Plaintiffs, Jason and Maria Aamodt, husband and wife, and states as follows:

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because this action is between citizens of different states and the amount in controversy exceeds $75,000.

3.     Mr. and Mrs. Aamodt are citizens and residents of Tulsa County, Oklahoma, and own property at 1237 River Ridge Road in Norfork, Arkansas (the "Vacation Home").

4.     The City of Norfork is a municipality in Norfork, Arkansas that is a vacation destination for recreation largely relating to trout fishing in the North Fork and

1

White Rivers. The City of Norfork sits along the banks of parts of both rivers, in Baxter County, where the two rivers meet.

5.      Mr. and Mrs. Aamodt purchased the Vacation Home in question through a corporate form,[1] intending to rent the cabin to family, friends, and other avid fishermen. If Defendant is allowed to enforce its invalid zoning agreement, the Aamodts will be unable to use the property for its intended use and will suffer financial losses of over $75,000.00.

6.      Additionally, the Aamodts reasonably estimate that they will lose revenues of over $75,000.00 if Defendant continues its illegal actions.

7.      The Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), because the claims under the Arkansas Freedom of Information Act, Ark. Code. Ann. § 25-19-102, are related to and arise from the same case or controversy as the cause of action giving the Court original diversity jurisdiction.

8.      Venue is proper in the Western District of Arkansas, as the property in question and the events referred to in the underlying complaint occurred in the Western District of Arkansas.

---

[1]      The corporate entity, which is wholly owned by the Plaintiffs has transferred title to the Plaintiffs who are the sole owners of the property.

2

## FIRST CAUSE OF ACTION
## Request for Declaratory Relief

### The 1995 Zoning Ordinance

9.      On November 8, 1995, Defendant passed and adopted a "comprehensive zoning ordinance" (herein the "1995 Ordinance"). *See* Attachment 1, Article 08.00.00. Prior to the adoption of the 1995 Ordinance there was no zoning in Norfork, Arkansas.

10.     According to the face of the 1995 Ordinance, and pursuant to Arkansas state law, prior public notice of the 1995 Zoning Ordinance was provided, a public hearing was held, and after passage the 1995 Zoning Ordinance was properly recorded with the Recorder for Baxter County. A true and correct copy of the version of the 1995 Ordinance recorded in Baxter County is Attachment 1.

11.     As a part of the 1995 Ordinance, Defendant also created a city planning commission (herein "Commission") to fulfill all the duties and functions established by Arkansas statute and the 1995 Ordinance. *See* Attachment 1, Article 06.01.02.

12.     Article V of the 1995 Ordinance divides the City into five zoning districts: (1) R-1 Single family residential; (2) R-2 Multi-family residential; (3) B-1 Business/Commercial; (4) HR-1 Historical/Recreational; and (3) I-1 Industrial. *See* Attachment 1, Article 05.00.00.

13.     Short-term rental homes, or vacation homes, are not mentioned in the 1995 Ordinance.

3

14.     Prior to the adoption of the 1995 Ordinance, in 1994 the Plaintiffs' property was annexed into the City of Norfork. The approximate location of the Plaintiffs' property is shown on Attachment 1, appendix II.

15.     After the adoption of the 1995 Ordinance, homes in residential districts in Norfork, Arkansas were rented to vacationing fishermen and their families for short periods of time, often a weekend. *See, e.g.*, Exhibit 3, Norfork Council Workshop Minutes at 1 ("It was pointed out that there already is a nightly rental present on the street … .") Since the adoption of an amendment to the 1995 Ordinance, homes in residential districts in Norfork, Arkansas have been rented to vacationing fishermen and their families for short periods of time, often a weekend.

16.     At Appendix II, the 1995 Zoning Ordinance contains a map entitled "Area Zoning and Planning Map, 1995" showing the location of the various zoning areas. *See* Attachment 1, Appendix II.

17.     With slight modifications irrelevant to this matter, the zoning map is essentially the same today. The City of Norfork maintains a single copy of a map hanging on the wall of council chambers which Mayor James Reeves referred Plaintiff Jason Aamodt to when Mr. Aamodt asked to look at the current zoning map. The City's map is highlighted with colors by hand, and hand annotated. A photograph of the map is Attachment 2.

## Procedures for Amending the 1995 Ordinance

18.     Before Defendant, through its Planning Commission, may amend the 1995 Ordinance "[a]mendments to the text proposed by the Commission **shall** be advertised in

4

the paper of general circulation in the aforesaid City at least fifteen (15) days in advance of a public hearing to be conducted by said Commission." *See* Attachment 1, Article 06.01.02 (E) (emphasis added).

19.     The Norfork Master Zoning Ordinance contains rules at Article 02.00.00 (A). Pursuant to the rules of the Norfork Master Zoning Ordinance, "The word "shall" is mandatory and not discretionary." *See* Attachment 1, Article 02.00.00 (A) (17).

20.     Pursuant to the 1995 Ordinance the Norfork City Council may directly adopt a zoning ordinance. *See* Attachment 1, Article 06.01.03 (A) (1)

21.     After Defendant adopts a zoning ordinance the 1995 Ordinance requires, as a "Mandatory Procedure" that the Ordinance "shall" be filed in the offices of the Recorder of Baxter County. *See* Attachment 1, Article 06.01.03 (A) (2) & (B).

22.     The Arkansas Supreme Court has stated: "It is thus clear that zoning authority must be exercised in accordance with both state *and local law*." *See* Attachment 5, *City of Russellville v. Banner Real Estate*, 326 Ark. 673, 675 (1996) (emphasis added).

23.     The Arkansas Supreme Court has held:

> "A failure to substantially comply with the procedural requirements of enabling legislation renders a subsequent ordinance invalid. *City of Searcy v. Roberson*, 224 Ark. 344, 273 S.W.2d 26 (1954). A city simply cannot pass procedural ordinances they expect to be followed by their residents and then conveniently ignore them themselves. A legislative body must substantially comply with its own procedural policies. *Maxwell v. Southside School Dist.*, 273 Ark. 89, 618 S.W.2d 148 (1981). In the recent case of *Taggart & Taggart Seed Company, Inc. v. The City of Augusta*, 278 Ark. 570, 647

5

> S.W.2d 458 (1983), we held that a city government is bound
> by its own prior ordinances in adopting a zoning plan."

*See* Attachment 6, *Potocki v. City of Fort Smith*, 279 Ark. 19, 22 (1983).

24. The Arkansas Supreme Court ruled that there is "no requirement that the ultimate rezoning ordinance adopted by the Council be made available prior to its adoption so long as the property in question and the proposed rezoning have been the subjects of *notice* to the property owners and the required *public hearings*." Attachment 5, *City of Russellville v. Banner Real Estate*, 326 Ark. 673, 675 (1996) (emphasis added).

### The 2008 Zoning Ordinance

25. After the 2008 floods along the White and Norfork River, some residents owning homes along the White River in Norfork were concerned that a local fishing lodge might purchase damaged homes and expand the fishing lodge into the residential neighborhood.

26. A proposal was made to amend the 1995 Zoning Ordinance regarding the aforementioned concerns, and on May 13, 2008, "The [Norfork City] Council agreed that the Planning Commission should study the issue, hear from the neighborhood and the businesses involved and bring a recommendation to the Council." *See* Exhibit 3, Norfork Council Workshop Minutes at 1-2.

27. In 2008, Defendant purported to pass and approve a zoning ordinance to amend the 1995 Ordinance (herein "2008-9 Ordinance"). The 2008-9 Ordinance would insert the following language under Article 05.04.0 of the 1995 Ordinance, in the section relating to the Norfork commercial zoning districts:

6

B1 Commercial Business Central District:

> Insert a new item numbered "G" and change the current "G" to "H".
>
> (G) Short Term Rentals. Short Term Rentals consist of the following:
>
> 1.  Hotels
> 2.  Motels
> 3.  Lodges
> 4.  Resorts
> 5.  Houses rented for less than 30 consecutive days per customer.
>
> Short Term Rental shall be restricted to B1 zoned areas.
>
> Add the term Short Term Rentals to the list of definitions in Ordinance 95-06. The term Short Term Rental shall mean: Houses, housing units or rooms rented to transient guests, guests that rent for less than 30 consecutive days per customer.

*See* Attachment 4.

28.    Defendant did not substantially comply with the required procedures under

the 1995 Ordinance for passing a zoning ordinance. *See* Attachment 7.

29.    Norfork City Mayor James Reeves wrote to Mr. Aamodt on August 9, 2010

that the entire procedure for passing Ordinance 2008-9 consisted of:

> In reviewing our records I find that we had three monthly PUBLIC workshops discussing the changes to our zoning ordinance.
>
> The first Public workshop was followed one week later by a Council Meeting in which we had the first reading of the ordinance.

7

The second Public workshop was followed one week later by a Council Meeting in which we had the second reading of the ordinance.

The third Public workshop was followed one week later by a Council Meeting in which we had the third and final reading of the ordinance.   This was followed by the Council approving the ordinance.

*See* Attachment 7.

30.     Defendant did not provide notice of a public hearing fifteen (15) days prior to the hearing, nor did Defendant hold the required public hearing before "adopting" the 2008-9 Ordinance.  See Attachment 1, Article 06.01.02 (E) requiring same.

31.     Defendant's reading of the proposed ordinance in its public workshops and council meetings does not substantially comply with the notice requirements the 1995 Ordinance.

32.     In addition to prior notice, Defendant was required under the 1995 Ordinance to comply with certain "Mandatory procedural requirements" of the 1995 Ordinance. *See* Attachment 1, Article 06.01.03 (A).

33.     Article 06.01.03 (A) reads in its entirety as follows:

(A)     Mandatory procedural requirements specified in the statutes are as follows:

The municipal legislative body (Council) can only adopt a recommended plan by a majority vote of its entire membership (membership of the whole).

(1)     Mandatory procedures for adoption and filing

The legislative body (Council) of the City may return plans or plans and recommended ordinances to the Commission for further study of re-certification, or by

8

> a majority vote of the entire membership (membership of the whole), may by ordinance or resolution adopt plans and recommended ordinances or regulations submitted by the Commission.
>
> (2) Following adoption of plans and ordinances by the legislative body (Council), the adopted plans, ordinances and regulations **shall** be filed in the office of the Recorder, who **shall file** with the County Recorder of the Deeds of Marion[2] County.

*See* Attachment 1, Article 06.01.03 (A) (emphasis added).

34.    No record of Defendant's 2008-9 Ordinance exists in the Baxter County Recorder's files. *See* Attachment 8.

35.    After the 2008-9 Ordinance was passed, the City of Norfork passed another, unrelated, zoning amendment to the 1995 Ordinance (Ordinance 2008-11), which was filed with the Baxter County Recorder as required by the 1995 Ordinance. *See* Attachment 1, Article 06.01.03 (A).

36.    The 2008-9 Ordinance is not on file with the Marion County Clerk.

## SECOND CAUSE OF ACTION
### Defendant's Freedom of Information Act Violations

37.    Arkansas law requires that public business be performed in an "open and public manner" so that individuals may be informed of the decisions being made by public officials. This policy is codified as the Arkansas Freedom of Information Act. *See* Attachment 9, Ark. Code. Ann. § 25-19-102.

---

[2]    The reference to Marion County is a typographical error in the text of the 1995 Ordinance. The following section refers to filing in Baxter County (where Norfork is located). And, the City of Norfork has filed other Zoning Ordinance amendments properly with the Baxter County Recorder.

9

38.     On August 10, 2010, Mr. Aamodt formally requested from the Defendant, pursuant to the Arkansas Freedom of Information Act of 1967, a full and complete copy of all the records to which Mayor Reeves referred in his fax sent August 9, 2010. *See* Attachment 10, at 6, n. 5, compare Attachment 7 (referring to "records").

39.     On August 27, 2010, Mr. Aamodt again requested a full and complete copy of all the records to which Mayor Reeves referred in his August 9, 2010 fax, as well as all other records relating to this matter. *See* Attachment 11.

40.     Defendant has yet to produce any of the requested documents to the Plaintiffs, even after having more than a month to comply with most requests. The Plaintiffs always offered to pay all costs of reproduction and mailing and asked to be informed of the costs, if any. Defendant has never informed Plaintiffs of the costs, and indeed has not formally responded at all to the Plaintiffs records requests.

41.     After the Plaintiffs requested documents, the Defendant held three different City Council meetings and deliberated on this matter.

42.     After the most recent Norfork City Council "workshop" Mr. Aamodt asked Mayor James Reeves whether the City of Norfork intended to sue the Plaintiffs. The Mayor responded by stating "In a word, yes."

43.     Defendant has not yet provided the requested documents, frustrating Plaintiffs' ability to defend against the Defendant's threatened litigation. Accordingly, this lawsuit is necessary to declare the rights of the parties and to compel compliance with the Arkansas freedom of Information Act.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs, Jason and Maria Aamodt, request this Court to:

1) Declare that Ordinance 2008-9 does not apply to Plaintiffs' property;

2) Order the Defendant immediately produce the documents requested in compliance with the Arkansas Freedom of Information Act; and

3) Award attorney fees, costs and such other relief for the Plaintiff as the Court finds just and equitable.

Respectfully submitted,

STREETT LAW FIRM, P.A.
Alex G. Streett, ABA #65038
James A. Streett, ABA #2007092
107 West Main
Russellville, AR 72801
Telephone:     479-968-2030
Facsimile:     479-968-6253
Email: Alex@StreettLaw.com
              James@StreettLaw.com

*Attorneys for the Plaintiff*

Monday, September 20, 2010

11