IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JASON AAMODT and MARIA
AAMODT, Husband and Wife                                                          PLAINTIFFS

V.                              CASE NO. 3:10-CV-3088

CITY OF NORFORK, ARKANSAS                                                          DEFENDANT

**O R D E R**

Currently before the Court are a Motion for Partial Summary Judgment filed by the Plaintiffs (Doc. 14) and a Motion for Summary Judgment filed by the Defendants (Doc. 21) and supporting documents. The parties filed Responses (Docs. 21 and 27, respectively) and supporting documents; and Replies (Docs. 24 and 31, respectively) and supporting documents. The Defendant filed a Surreply in response to the Plaintiffs' Motion for Partial Summary Judgment (Doc. 26). Plaintiffs also filed a Motion to Supplement their Motion for Partial Summary Judgment (Doc. 37), and Defendant filed a Response (Doc. 38). Finally, Plaintiffs filed a Motion for Leave to File Reply Brief regarding their Supplement (Doc. 39), and Defendant filed a Response (Doc. 40). For the reasons stated herein, Plaintiffs' Motion for Partial Summary Judgment (Doc. 14) is DENIED; Defendant's Motion for Summary Judgment (Doc. 21) is GRANTED; and the motions regarding supplement of the record (Docs. 37 and 39) are DENIED AS MOOT.

**I.      Background**

Plaintiffs Jason Aamodt and Maria Aamodt purchased a home in Norfork, Arkansas in September 2009, intending to rent it to family, friends, and fishermen. When they were informed that Defendant City of Norfork had enacted a zoning ordinance in 2008 precluding this type of use of

their property, they brought this lawsuit requesting a declaratory judgment determining that the zoning ordinance at issue is invalid and unenforceable, that the Defendant violated the Arkansas Freedom of Information Act, and that the Defendant failed to afford them equal protection of the law.

Plaintiffs' Motion for Partial Summary Judgment is based upon the contention that the city failed to comply with the law in enacting and recording the 2008 zoning ordinance. The City of Norfork asserts that it complied with all applicable laws in the enactment of the zoning ordinance, and that it is entitled to a judgment as a matter of law finding that the ordinance is valid and enforceable, that the Arkansas Freedom of Information Act does not apply to the Plaintiffs because they are citizens of Oklahoma, and that the City has not treated the Plaintiffs differently than any other similarly situated property owner and has thus not violated the Plaintiffs' equal protection rights.

## II.     Summary Judgment Standard

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co., 135 F.3d 1211, 1212-13 (8th Cir. 1998) (*citing *Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983).* In order for there to be a genuine issue of material fact, the non-moving party

must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

### III.     Validity of Ordinance 2008-09

In 1995, the City of Norfork passed Zoning Ordinance 95-06, which also contained the procedure to follow when amending zoning ordinances or enacting new zoning ordinances. Pursuant to Article 06.01.03(B) of Norfork Zoning Ordinance 95-06, which contains the same language as Ark. Code Ann. § 14-56-423, the procedures for amendments require:

> After adoption of plans and ordinance and regulations, and proper filing in the offices of the Recorder and the Recorder of Deeds of Baxter County, no alteration, amendment, extension, abridgement, or discontinuance of the plans or ordinances may be made except in conformance with the above procedure, or by a majority vote of the Council.

According to the record, Norfork's city council enacted Ordinance 2008-09 on September 16, 2008. The ordinance amends the prior zoning ordinance, 95-06, Article 05.04.01 as it pertains to property zoned "B1 Commercial Business Central District." It governs land used for short term rentals, which consists of hotels, motels, lodges, resorts, and houses rented for less than 30 consecutive days per customer. (*See* Doc. 14-1). It also adds the term "Short Term Rentals" to the list of definitions in Ordinance 95-06, and defines the term as: "Houses, housing units or rooms rented to transient guests, guests that rent for less than 30 consecutive days per customer." Pursuant to this ordinance, such short term rental use would be restricted to B1 zoned areas. The Plaintiffs' proposed use of their property falls within the "short term rentals" category as described in the ordinance, since it was their intention to use their property for this type of activity.

The Supreme Court of Arkansas has noted that zoning is a public matter. *Mings v. City of*

*Fort Smith*, 288 Ark. 42, 47-48 (1986). While the rights and duties of landowners, neighbors, and the general public conferred and required by zoning laws must sometimes be interpreted and protected by the courts, we should recognize that basic land use planning is a legislative function in which we should interfere only when necessary. *Id.* However, Arkansas law requires municipalities to comply with local and state law when passing zoning ordinances. *City of Russellville v. Banner Real Estate*, 326 Ark. 673, 675 (1996). A failure to substantially comply with the procedural requirements of enabling legislation renders a subsequent ordinance invalid. *Potocki v. City of Fort Smith*, 279 Ark. 19, 22 (1983).

Both Norfork's 1995 Zoning Ordinance and Ark. Code Ann. § 14-56-422 provide that the city could amend its zoning ordinances either by following the procedure listed in the ordinance and statute, **or** by majority vote of the city council. The City of Norfork elected to amend its ordinances by vote of the city council, which was proper under the 1995 ordinance and Arkansas law.

When zoning action of a city is challenged, the court is to determine only whether the city acted arbitrarily, capriciously or unreasonably. *City of Lowell v. M&N Mobile Home Park, Inc.*, 323 Ark. 332, at 337 (1996); *City of Little Rock v. Breeding*, 273 Ark 437, at 442 (1981). According to the minutes from the May 13, 2008 board meeting, the board discussed concerns brought by neighbors about a home in a residential neighborhood which the owner proposed to offer for rent on a short-term basis. The resulting ordinance addressed the issue of short term rental of homes, which was not specifically addressed in the prior ordinance, in response to those citizen concerns. Therefore, the Court finds that there was a legitimate purpose for enactment of the 2008 zoning ordinance, and that the Defendant did not act arbitrarily, capriciously or unreasonably when it enacted Ordinance 2008-09.

Plaintiffs also argue that Ordinance 2008-09 is invalid because the City of Norfork failed to file it with the Baxter County Clerk. The requirement to file the ordinance with the county recorder is found in the 1995 Comprehensive Zoning Ordinance, Article 06.01.03. Defendant admits that the ordinance was not filed with the county recorder's office, but asserts that the Plaintiffs nevertheless had notice of it because it was available for inspection at the city clerk's office when the Plaintiffs purchased the property.

The Supreme Court of Arkansas noted as early as *Edwards v. Hall*, 30 Ark. 31, at 37 (1875) that those things not of the essence to be done are directory only. The Supreme Court continued to follow that distinction in *Taggart v. City of Augusta*, 278 Ark. 570 (1983) and in *Osborne v. City of Camden*, 301 Ark. 420 (1990). In *Osborne*, the Court held that the place a map and zoning ordinance is filed is not essential for substantial compliance with applicable zoning ordinances. In the instant case, the ordinance was available for inspection in the city clerk's office and the Plaintiffs, upon exercise of proper diligence, could have discovered it. The Court finds that the City of Norfork substantially complied with the procedural requirements of the applicable statutes and ordinance when it passed Ordinance 2008-09; therefore, the Court cannot say that the ordinance is invalid.

**IV.     Arkansas Freedom of Information Act Claim**

Plaintiffs have asserted that the Defendant violated the Arkansas Freedom of Information Act by refusing to provide a full and complete copy of records they requested. The Arkansas Freedom of Information Act is codified at Ark. Code Ann. § 25-19-101 *et seq*. Ark. Code Ann. § 25-19-105(a)(1)(A) provides that "all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records." It is not disputed that the Plaintiffs are citizens of Oklahoma. The statute expressly pertains to citizens of

Arkansas only; therefore it is the finding of the Court that the Plaintiffs lack standing to pursue this claim and it is therefore dismissed.

V.   **Equal Protection Claim**

Plaintiffs have asserted an equal protection claim, stating that the City of Norfork treated them arbitrarily and differently than others regarding the rental of residential property, and also treated them arbitrarily and differently than others regarding meeting procedures. A claimant may prevail on an equal protection claim by showing that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Under the "rational basis" test, even where similarly situated persons are treated differently by the state, state action is presumed constitutional and "will not be set aside if any state of facts reasonably may be conceived to justify it." *More v. Farrier*, 984 F.2d 269, 271 (*quoting McGowan v. Maryland*, 366 U.S. 420, 426 (1961)). Courts will uphold a challenged state action so long as it bears a rational relationship to a state objective not prohibited by the Constitution. *See Stiles v. Blunt*, 912 F.2d 260, 263 (8th Cir. 1990).

Since the Court has found that there was a legitimate purpose for enactment of the 2008 ordinance, the enforcement of the ordinance bears a rational relationship to the city's purpose for enacting the ordinance. Furthermore, based on the evidence before the Court, the Plaintiffs have not demonstrated that they were intentionally treated differently than similarly situated landowners by the City of Norfork regarding meeting procedures. Therefore, the Court finds that the equal protection claims of the Plaintiffs should be dismissed.

VI.   **Conclusion**

For the reasons set forth in this Order, IT IS HEREBY ORDERED that the Defendant's

Counter-Motion for Summary Judgment (Doc. 21) is GRANTED; Plaintiffs' Motion for Partial Summary Judgment (Doc. 14) is DENIED; and the remaining motions pending in this case are DENIED AS MOOT.

IT IS SO ORDERED this 27th day of September, 2011.

/s/ Paul K. Holmes, III
P. K. HOLMES, III
UNITED STATES DISTRICT JUDGE